[Cite as *In re A.W.*, 2013-Ohio-5617.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| A.W.,<br>M.P. AND<br>M.P. | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| | Case No. 2013AP080035 |
| NEGLECTED/DEPENDENT CHILDREN | |
| | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Tuscarawas County Court of Common Pleas, Juvenile Court Division, Case No. 12 JN 00158 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 18, 2013 |
| APPEARANCES: | |

For Appellant, Mother - Michelle Phillips

ADAM WILGUS
401 Tuscarawas Street West, Suite 200
Canton, Ohio 44702

For Appellee

DAVID W. HAVERFIELD
Tuscarawas County Job & Family Services
389 16th Street, SW
New Philadelphia, Ohio 44663


For Father - Derrick Waldren

MICHAEL JOHNSON
117 South Broadway, P.O. Box 1007
New Philadelphia, Ohio 44663

Guardian ad Litem

KAREN DUMMERMUTH
349 East High Avenue, P.O. Box 494
New Philadelphia, Ohio 44663

*Hoffman, P.J.*

{¶1} Appellant Michelle Phillips ("Mother") appeals the July 19, 2013 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, Juvenile Division, which terminated her parental rights, privileges and responsibilities with respect to her three minor children, granted permanent custody of the two youngest children to Appellee Tuscarawas County Job and Family Services ("the Agency"), and granted legal custody of the oldest child to his father, Appellee Derrick Waldren ("Waldren").

STATEMENT OF THE FACTS AND CASE

{¶2} Mother and Waldren are the biological parents of A.W. (dob 6/20/06). The two are not married. Mother and Shawn Cooper ("Cooper") are the biological parents of Mir.P. (dob 4/8/10) and Mic.P. (dob 3/12/12). [1] The Agency has a long history of involvement with Mother and the children due to concerns regarding Mother's ability to meet the children's basic needs as well as the specialized medical needs of Mir.P. The Agency was also involved during an investigation concerning the sexual molestation of A.W. by Cooper.

{¶3} On March 22, 2012, the Agency filed a complaint, alleging A.W., Mir.P., and Mic.P. were neglected and dependent children, and seeking temporary custody. The trial court placed the children in the temporary custody of the Agency following an emergency shelter care hearing. The trial court appointed Attorney Karen Dummermuth as guardian ad litem for the children.

{¶4} The trial court conducted an adjudicatory hearing on May 15, 2012. Mother and Waldren stipulated to a finding of neglect and dependency. The trial court

---

[1] Shawn Cooper is not a party to this appeal.

ordered A.W. placed in the temporary custody of paternal grandmother, Dianna Waldren, under the protective supervision of the Agency, and Mir.P. and Mic.P. remain in the temporary custody of the Agency. The trial court also approved and adopted Mother's case plan.

{¶5} On February 14, 2013, the Agency filed a motion to modify prior dispositions, seeking permanent custody of Mir.P. and Mic.P., and moving the trial court to grant legal custody of A.W. to Dianna Waldren. Subsequently, the Agency moved to modify its motion to modify with respect to A.W. only, withdrawing its request to place A.W. in the legal custody of Dianna Waldren and requesting the boy be placed in the legal custody of Waldren.

{¶6} The matter came on for hearing on July 11, and 16, 2013.

{¶7} Elizabeth Benedetto, the ongoing case worker assigned to the family, testified the Agency became involved with Mother and the children in March, 2012, due to concerns regarding Mir.P.'s having a feeding tube and Mother's inability to appropriately feed the girl despite the assistance of service providers. Also, A.W. had significant behavior issues. Further, A.W. was providing much of the care to his siblings. Benedetto stated Mother's case plan required her to undergo a psychological evaluation and follow recommendations, complete parenting classes, attend individual counseling, and participate in visitation. Further, Mother was required to maintain stable housing and income. Bendetto acknowledged Mother had completed her case plan, however, Mother has not made the necessary behavioral changes. Bendetto explained Mother had not arrived at a point where the children would be safe in her home without 24/7 monitoring. Bendetto expressed concerns regarding Mother's ability to meet the ever-

changing needs of the children. Mother requires extensive direction even with basic parenting, like feeding and changing diapers.

{¶8} Dr. Steven Dean, a psychologist, completed Mother's psychological evaluation. Dr. Dean interviewed Mother and administered the standard tests. Dr. Dean diagnosed Mother with dependent personality disorder, which manifests itself in a lack of confidence, difficulty setting boundaries, and enduring suffering and/or mistreatment to maintain a relationship. He noted individuals with this personality have difficulty with confrontations and gravitate toward unhealthy relationships. Counseling of such an individual would be a long term process. Dr. Dean correlated some of the problems suffered by the children with Mother's mental health diagnosis.

{¶9} Wendy Smitley, a family service aide, provided parenting education to Mother, once in a group, and another individually. Smitley testified at the time the children were removed from Mother's care, A.W. was taking on much of the parenting responsibilities. At parenting classes, Mother was cooperative and responsive to the material presented. Mother's visits with the children were chaotic and unstructured. She provided excessive items to the children despite her lack of measurable income. Mother did not seem to understand what she needed to do for or with the children. Mother's visitation remained supervised throughout the case.

{¶10} Via Judgment Entry filed July 19, 2013, the trial court terminated Mother's parental rights with respect to all three children, granted permanent custody of Mir.P. and Mic.P. to the Agency, and placed A.W. in the legal custody of Waldren. The trial court found the children could not be placed with Mother within a reasonable time, it

was in Mir.P. and Mic.P,'s best interest to be placed in the permanent custody of the Agency, and it was in A.W.'s best interest to be placed in the legal custody of Waldren.

{¶11} It is from this judgment entry Mother appeals, raising the following assignments of error:

{¶12} "I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶13} "II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I, II

{¶14} We elect to address Mother's assignments of error together. In her first assignment of error, Mother maintains the trial court's finding the children could not be placed with her within a reasonable time was against the manifest weight and sufficiency of the evidence. In her second assignment of error, Mother contends the trial court's finding an award of permanent custody was in the best interest of the children was against the manifest weight and sufficiency of the evidence.

{¶15} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries,* Stark App. No. CA5758 (Feb. 10, 1982). Accordingly, judgments

supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶16} R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.

{¶17} Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶18} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home

providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶19} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

{¶20} If the child is not abandoned or orphaned, the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R .C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.

{¶21} As set forth in our statement of the facts and case, supra, we find there was both sufficient and substantial competent evidence Mother failed to remedy the problems which initially caused the removal of the child from the home. Although she completed all of her case plan requirements, Mother was unable to utilize the information she obtained to properly parent the children. Mother continued to have a live-in boyfriend despite Dr. Dean's recommendation to the contrary. Mother lied to

Agency personnel regarding this status. Additionally, Dr. Dean indicated Mother needed long term therapy to overcome her mental health issues.

{¶22} With respect to the best interest finding, the evidence revealed Mir.P. and Mic.P. were thriving in foster care and the foster family desire to adopt the girls. Mir.P. no longer needed a feeding tube. When Mir.P. first arrived in foster care, she exhibited a lack of affect and had speech delays. Such issues were quickly resolved once she entered foster care. Mic.P. had been placed in foster care as a newborn. She has no known developmental issues.

{¶23} Based upon the foregoing, we find the trial court's findings the children could not be placed with Mother within a reasonable time, and an award of permanent custody was in the best interest of the children were not against the manifest weight of the evidence and were based upon sufficient evidence. Mother's first and second assignments of error are overruled.

{¶24} The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.

By: Hoffman, P.J.

Wise, J. and

Baldwin, J. concur

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:                        :
                                         :
A.W.,                                    :
M.P. AND                                 :
M.P.                                     :
                                         :
NEGLECTED/DEPENDENT CHILDREN    :
                                         :
                                         :          JUDGMENT ENTRY
                                         :
                                         :
                                         :          Case No. 2013AP080035


        For the reasons stated in our accompanying Opinion,  the judgment of the

Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.  Costs to

Appellant.


                                         _____
                                         HON. WILLIAM B. HOFFMAN


                                         _____
                                         HON. JOHN W. WISE


                                         _____
                                         HON. CRAIG R. BALDWIN